———o———

## No. 4103.

Court of Appeal, Parish of Orleans.)

### CHAS. BRUNNING vs. MR. AND MRS. J. R. GRINAGE.

1. Parties to a contract may by subsequent conduct in their

course of dealing with each other under it, modify its terms or waive its conditions, expressly or impliedly.

2. When a lessor month after month, even though he does not expressly agree so to do, without objection or protest receives and accepts the rental at a later date than that specified in the contract of lease and rent notes, he cannot without previous notice to his tenant, given not later than the time of the past payment, demand said rental at an earlier day than that upon which notes were customarily paid, and a writ of provisional seizure, under these conditions will be held to have improvidently issued.

3. When the record is barren of proof in support of the claim for damages, they will not be allowed.

Appeal from Civil District Court, Division "C."

Buck, Walshe & Buck, for Plaintiff and Appellant.

E. A. O'Sullivan, for Defendant and Appellee.

ESTOPINAL, J. This is an appeal from a judgment maintaining a writ of provisional seizure issued for the alleged non-payment of rent due for the month of February, 1906.

The petition was filed and the writ issued on the 16th day of March, 1906, the rent for the month of February falling due on the 1st day of March, not having been paid.

Plaintiff under the contract of lease alleging that the failure to pay any one note at its maturity caused the whole of the unpaid notes to become due, prayed for judgment in the sum of eight hundred and fifty ($850.00) dollars, the undue balance with interest from the time each monthly note became due.

The writ was duly issued and the movable effects of the defendant, household furniture, were seized by the sheriff Friday, March 16th, 1906."

On the 19th of March, three days after the seizure, defendant moved the Court to set aside the seizure, averring that the rent note for the month of February due on the 1st of March was never presented for payment and that there was no amicable demand for payment before filing suit; that defendant with the consent of the plaintiff was permitted each month to take up or pay the rent notes and did pay her said notes to plaintiff about the 16th day of each month, the latter never at any time objecting to the arrangement but, on the contrary, acquiescing therein. Defendant avers further that the plaintiff's allega-

tions made to secure the writ herein are false and that he is actuated by malice and that she is entitled to recover damages and attorney's fees aggregating four hundred ($400.00) dollars.

Defendant deposited in the registry of the Court at the time of filing the rule to set aside the seizure the sum of one hundred and twenty-five ($125.00) to cover the rental claimed for the month of February, the non-payment of which provoked this suit.

The issue here is one of fact and involves merely the question of what was or not, the course of dealing between the parties.

We have examined carefully the record in this case and from our appreciation of the evidence we are satisfied the writ issued prematurely and therefore illegally.

Plaintiff denies that he made expressly, as averred by defendant, any agreement or consented at all to receive from her the rental between the 1st and 16th of each month, but in this he stands alone. On the other hand the defendant's averment is in our opinion absolutely established by the writing on the notes indicating the time of their payment.

We find, that of the four notes preceding the one sued on, the first of these was paid at the Whitney Central Bank on the 13th day of November, 1905. That two other notes were paid on the 16th of the month instead of on the 1st, and a fourth note was paid on the 17th of the month. It is shown that the October note due on the 1st of November and paid at the bank, was the only note deposited in bank for collection.

It is significant that only one note, the first was placed in bank for collection, defendant paying the others on the 16th and 17th of each month direct to plaintiff or his agent.

The inference from this circumstance must plainly be that the payment of the notes was no longer to be demanded of the defendant on the day named in the note, and for that reason were withheld from the bank. Of course, this circumstance standing alone is conclusive of nothing, but considered with the other conditions presented, it serves, in our opinion to strengthen us in the conclusion that plaintiff, either expressly or impliedly agreed to and did without objection or protest, receive the rental on the 16th of each month instead of the 1st day thereof.

431.

In oral agreement at the bar of this Court, counsel for plaintiff directed the Court's attention to defendant's testimony, stating that she had herself admitted that the agreement with plaintiff was that she should pay between the 1st and 15th of *each month* and that therefore, the writ having issued on the 16th, was not premature.

We have examined defendant's testimony with care, and find that in this regard she makes two different statements, on her direct examination saying the time of payment was extended to the 15th *of each month* and on her cross examination saying the time was extended to the 16th. (See defendant's testimony given at trial o nthe merits pages 4 and 11). In view of the fact that the notes are shown to have been paid, not on the 15th, but on the 16th, or later, each month without objection or protest from the plaintiff, we are inclined to believe that the last *statement* made by defendant in her testimony to the effect that the time was extended to the 16th is the correct one and to be so considered in determining this case.

Even though it is denied by plaintiff that he agreed to extend the time of payment, every circumstance in the case shows that he did month after month, without objection or protest receive the rental on a day other than that named in the contract and he cannot without timely notice, demand said rental and institute proceedings at an earlier day than that fixed by his voluntary course of dealing with his tenant.

There having been no proof administered showing damages, defendant's demand in that particular is disallowed.

Furthermore, the maintenance of the writ by the Court below excludes the right of defendant to recover punitive or vindictive damages, but defendant is entitled, by the dissolution of the writ in this Court to actual damages.

Attorney's fees are such damages and are recoverable here, but no proof having been administered as to their value, we are unable in this opinion to allow them. 32 A. 1179.

Therefore, it is hereby ordered, adjudged and decreed that the judgment appealed from be annulled, set aside and reversed, and now proceeding to render such judgment as should have been rendered, it is hereby ordered and decreed that there

432

be judgment in favor of defendant dismissing plaintiff's suit, dissolving and setting aside the writ of provisional seizure issued herein, reserving to the defendant her right to recover actual damages plaintiff to pay costs of both Courts.

January 28. 1907.

Rehearing granted March 11, 1907.

## ON REHEARING.

1. When the lessor each month accepts the payment of the rent at a time subsequent to that fixed by the contract of lease and recited in the notes, and such payments are so made by virtue of separate agreements each month, held that such renewed and separate agreements between the lessor and the lessee is not such conduct in "their course of dealing" with each other as will modify the terms of the contract of lease or waive its conditions, expressly or impliedly.

2. The lessee's failure to pay rent authorizes an affidavit of "good reason to believe that the property will be removed from the premises. 8 A. 366, 374, 481.

ESTOPINAL, J. Our second examination of the record in this case, and a careful analysis of the testimony, has convinced us that our former opinion is erroneous and that the judgment appealed from is correct and should remain undisturbed. The Court in its original opinion was controled and influenced in a great measure by the fact that the notes themsevles, which are part of the record, showing that they had been paid on the 16th of each month, save one that was paid on the 13th day of the month and another on the 17th day, was strongly indicative of an agreement or a consent on plaintiff's part, as contended by the defendant, to extend the time of payment to the 16th of the month. We are now satisfied, however, that there was no *fixed or permanent rule established between the parties.* A proposition that requires to be renewed and is shown to have been renewed each month, *cannot be said to be, or to have become a rule of conduct between the parties.* We find it affirmatively shown that the defendant was each and every month prior to the 16th of each month, notified either in writing, verbally or by telephone, to pay her rent notes, and she *would then fix a time* at which time she did pay.

We believe the statement of Mrs. Grinage to the effect that

433

she told plaintiff that "it would be more convenient for her to pay her rent on the 16th;" but the consent of the latter to an extension to that date is not established. Plaintiff denies that he ever agreed to the proposition or that it was ever made. The fact, fully proved, that demands for payments were made prior to the 16th each month negatives at least defendant's contention that plaintiff agreed to the extension.

Defendant, as had been done each month by plaintiff, was called upon repeatedly to pay the rent note for the month of March, 1906, due on the first day thereof, but the defendant, it is shown, failed to do as she had done the preceding months when notified to pay, i. e., *fix a time when she would pay, but she refused to pay at all.*

Hence it was, that the plaintiff adopted the steps now attacked by defendant. The issuance of the writ of provisional seizure must be maintained. True the writ issued solely on the oath of plaintiff, among other things necessary, "that he has good reason to believe that the defendant will remove the furniture and other property, etc.," no other proof of that fact being made or offered. It does not appear to have been incumbent on plaintiff to do so under the circumstances of this case. The only thing that in any way tends to negative plaintiff's allegations "that he has reason to believe that defendant will remove the furniture, etc.," is the fact, shown by the record, that the defendant had some thirty or forty boarders in the leased premises at the time of he seizure, but this fact does not appear to have been brought out for the purpose of showing the falsity of the oath taken by plaintiff. At any rate we do not think that that character of proof was offered which required plaintiff to fortify his oath by proof of its truth. 31 A. 187.

The conclusion reached by us is that the rent was due. This is sufficient to authorize an affidavit of "good reason to believe that the property will be removed from the premises."

8 A. 366, 374, 481.

It is, therefore, ordered, adjudged and decreed that the decree heretofore rendered in this case be set aside and it is now ordered that the judgment of the District Court be and it is affirmed.